IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREA OTHA GOLDEN, | : Civil No. 4:25-CV-618 |
| Plaintiff, | : |
| v. | : (Judge Munley) |
| | : (Chief Magistrate Judge Bloom |
| THOMAS DONALD HEAP, | : |
| Defendant. | : |

REPORT AND RECOMMENDATION

I. Introduction

This case comes before us for a screening review of the prisoner-plaintiff's *pro se* civil complaint. The plaintiff, Tyrea Golden, is an inmate incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Rockview ("SCI Rockview"). He brings this action against Thomas Heap, the Prothonotary and Clerk of Courts for Lycoming County. (Doc. 1). The complaint alleges that Heap failed to either docket or send the plaintiff certain documents, such as the arrest and search warrants, in the plaintiff's state criminal cases. (*Id.*). In essence, the complaint appears to assert that because some of these documents were not placed on

Golden's public criminal docket, Golden was arrested and charged with drug trafficking and firearm offenses without a valid warrant, which Golden contends violates his constitutional rights. (*Id.*).

A review of the public state court docket indicates that Golden was charged in three separate criminal cases in Lycoming County on July 5 and July 28, 2022. In the first case, the plaintiff was charged with manufacture, delivery, or possession with intent to deliver controlled substances. *See Commonwealth v. Golden*, No. CP-41-CR-0000905-2022. In the second and third cases, Golden was charged with drug and firearm offenses, and resisting arrest, respectively. *See Commonwealth v. Golden*, No. CP-41-CR-0000971-2022; *Commonwealth v. Golden*, No. CP-41-CR-0000973-2022.[1] The dockets collectively reflect that Golden pleaded guilty to these charges on September 29, 2023, and was sentenced to an aggregate term of four to ten years in prison on November 21, 2023. *Id.* It further appears from these dockets that

---

[1] We may take judicial notice of the public docket in Golden's underlying state criminal cases. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

Golden has filed a petition for post-conviction relief, which is currently pending in the county court. *Id.*

Golden asserts various claims against Heap, including violations of his First, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; claims of conspiracy and fraud; and various claims that Golden contends violate the Pennsylvania Rules of Criminal Procedure arising from Heap's alleged failure to docket certain documents or provide them to Golden during his criminal cases. (*See* Doc. 1 at 3-6).

Along with this complaint, Golden filed a motion for leave to proceed *in forma pauperis*. (Doc. 4). We will grant the motion for leave to proceed *in forma pauperis* for screening purposes only but after consideration, we will recommend that the complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.*

3

This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically

attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

### B. This Complaint Should be Dismissed.

At the outset, we note for the *pro se* plaintiff that many of his claims do not raise adequate constitutional or state law challenges. For example, Golden asserts a claim of "official oppression," alleging that Heap has "tampered with" the docket and omitted certain records. (Doc. 1 at 4). In the same vein, Golden asserts that Heap violated his First Amendment rights when Heap changed the titles of Golden's motions on the docket. (*Id.* at 5). Golden also curiously asserts an Eighth

Amendment violation against this defendant, claiming that it is because of Heap's actions concerning docketing that he is facing up to ten years in prison. To the extent Golden asserts claims of false arrest and malicious prosecution, in that he claims he has been "unlawfully incarcerated for over two years" due to invalid arrest and search warrants, it is unclear how the county Clerk of Court, an administrative official, could be held liable for such claims. Finally, we note that Golden's claims regarding violations of Pennsylvania's Rules of Criminal Procedure do not establish a violation of his federal civil rights.

Nonetheless, after review, we conclude that this court should abstain from considering the merits of the plaintiff's claims under the *Younger* abstention doctrine, as his underlying criminal cases are still pending in Lycoming County.

Golden's claims against the defendant arise out of his ongoing state criminal prosecutions for drug possession and related charges. As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir.

2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). The doctrine contemplates three legal requirements that must be met before a court exercises its discretion to abstain: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Kendall*, 572 F.3d at 131 (citing *Matusow v. Trans–County Title Agency*, LLC, 545 F.3d 241, 248 (3d Cir. 2008)). Courts have frequently abstained from hearing claims that necessarily interfere with ongoing state criminal cases. *See Lui v. Commission on Adult Entertainment Establishments*, 369 F.3d 319 (3d Cir. 2004); *Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).

Here, Golden's claims concerning his state court criminal docket clearly arise out of his state criminal charges that are currently pending in Lycoming County. As we have noted, Golden filed a petition for post-conviction relief, which is pending before the county court. Thus, the requirements for *Younger* abstention—ongoing state proceedings that implicate important state interests and give the plaintiff an adequate opportunity to raise his claims—are met here. Given the paramount importance to the state of the enforcement and resolution of criminal

charges, we believe that we should exercise our discretion to abstain from these claims involving Golden's ongoing state criminal matters.

Thus, because we have concluded that we should abstain from considering the merits of Golden's claims under *Younger*, we recommend that these claims be dismissed without prejudice. As the Third Circuit has explained:

> [W]here *Younger* abstention is appropriate, federal courts "have no occasion to address the merits" of the plaintiff's federal claims. [*Lui*, 369 F.3d at 328]. And without a merits-based decision, the dismissal of his federal case does not implicate claim preclusion or otherwise prevent Eldakroury from returning to federal court if his ongoing state prosecution concludes without a resolution of his federal claims.

*Eldakroury v. Attorney General of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015); *see also Zahl v. Warhaftig*, 655 F. App'x 66, 71-72 (3d Cir. 2016). Accordingly, we recommend these claims be dismissed without prejudice to Golden re-asserting these constitutional claims at the conclusion of his state criminal case, should he choose to do so.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE to

the plaintiff reasserting his claims at the conclusion of the state criminal case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of May 2025.

<i>s/ Daryl F. Bloom</i><br>
Daryl F. Bloom<br>
Chief United States Magistrate Judge